IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DOUGLAS ROBERT COLLIER, | ) | |
| Petitioner, | ) | No. C 08-4704 CRB (PR) |
| vs. | ) | ORDER TO SHOW CAUSE |
| ROBERT L. AYERS, JR., Warden, | ) | |
| Respondent. | ) | |

Petitioner, a state prisoner incarcerated at San Quentin State Prison, has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the California Board of Parole Hearings' (BPH) August 6, 2007 decision to deny him parole.

**BACKGROUND**

Petitioner was convicted in the Superior Court of the State of California in and for the County of Santa Clara of second degree murder and sentenced to a indeterminate term of 15 years to life in state prison.

Petitioner has been found not suitable for parole each time he has appeared before the BPH. On September 17, 2008, the Supreme Court of California denied his challenge to the BPH's decision of August 6, 2007.

**DISCUSSION**

A.  <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B.  <u>Legal Claims</u>

Petitioner seeks federal habeas corpus relief from the BPH's August 6, 2007 decision finding him not suitable for parole on the ground that the decision does not comport with due process. Among other things, petitioner contends that the decision is not supported by some evidence in the record. Liberally construed, petitioner's claim appears colorable under § 2254 and merits an answer from respondent. <u>See</u> <u>Biggs v. Terhune</u>, 334 F.3d 910, 914-15 (9th Cir. 2003) (finding that initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.  The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

/

2

| | |
|---|---|
| 1 | 2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition. |

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

SO ORDERED.

DATED: Jan. 13, 2009

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.08\Collier, D1.osc.wpd

3